UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIMBERLY L.,

                              Plaintiff,

         v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                              Defendant.
_____

DECISION AND ORDER

19-CV-6278L

      Pending before the Court is a motion by counsel for plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorney's fees and costs. (Dkt. #27). Pursuant to a contingent fee agreement permitting an award of attorney's fees of up to 25% of the past-due benefits award, plaintiff's counsel, Mark M. McDonald, seeks an award of $17,189.50 (25% of the award for past-due benefits) in attorney's fees pursuant to 42 U.S.C. §406(b) ("Section 406(b)"), plus costs of $400.00 pursuant to 28 U.S.C. §1920. By Stipulation and Order entered August 11, 2020, this Court previously awarded plaintiff attorney's fees in the amount of $7,000.00 under the Equal Access to Justice Act (EAJA), 28 USC §2412(d), plus costs in the amount of $400.00, pursuant to 28 U.S.C. §1920. (Dkt. #26)

      The Commissioner does not oppose plaintiff's motion, except to note that there is no provision for an award of "costs" under Section 406(b). (Dkt. #34). Plaintiff has filed an affidavit consenting to the fee award. (Dkt. #30).

      The Court finds that the amount of the requested fee is reasonable, in light of the character of the representation, plaintiff's counsel's expertise in Social Security law, the results that were achieved, and the absence of any delay in the proceedings by counsel. *See Silliman v. Barnhart*, 421

F.Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005).

The Court has reviewed the time records submitted by counsel, and I find no evidence of delay, unreasonable time expenditures, or duplication of effort. The Court has also considered the deference that is owed to agreements between an attorney and client, the compelling public interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). Moreover, the award is appropriate in light of the work performed.

The amount of attorney's fees that counsel stands to receive results in a *de facto* hourly rate of approximately $337.05 per hour, for over fifty hours of attorney time. This amount is within, and in fact, falls substantially below, the range of hourly fees found to be reasonable in comparable recent cases in this district. *See e.g., Salone v. Commissioner*, 2020 U.S. Dist. LEXIS 59634 (W.D.N.Y. 2020) (approving fee request with a de facto hourly rate of $956.25 per hour); *Sims v. Commissioner*, 2020 U.S. Dist. LEXIS 28330 (W.D.N.Y. 2020) (approving de facto hourly rate of $980.87 per hour); *McDonald v. Commissioner*, 2019 U.S. Dist. LEXIS 51643 (W.D.N.Y. 2019) (approving de facto hourly rate of $1,051.64 per hour).

To the extent that the instant application requests costs of $400.00, that request is denied as moot, as those costs were already awarded to plaintiff's counsel pursuant to 28 U.S.C. §1920. They were not part of the EAJA fee award, and thus counsel will not be directed to refund them to plaintiff. (Dkt. #26).[1]

---

[1] Research reveals few cases addressing these precise factual circumstances in detail. However, where federal courts awarding fees under Section 406(b) have previously approved an award comprised of both EAJA fees under 29 U.S.C. §2412(d) and costs under 29 U.S.C. §1920, they have typically directed the claimant's counsel to refund only the EAJA fees to the claimant. *See Murphy v. Saul*, 2021 U.S. Dist. LEXIS 139967 at *6-*7 (E.D.N.Y. 2021); *Karki v. Commissioner*, 2018 U.S. Dist. LEXIS 41173 at *7-*8 (E.D.N.Y. 2018); *Martinez v. Saul*, 2019 U.S. Dist. LEXIS 123614 at *5-*6 (S.D.Cal. 2019). The Court concurs with this approach.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Dkt. #27) for attorney's fees pursuant to 42 U.S.C. §406(b) in the amount of $17,189.50 is granted. The award is to be made payable to Mark M. McDonald, attorney for plaintiff.

If counsel has not already refunded to plaintiff the $7,000.00 in EAJA fees previously awarded under 28 U.S.C. §2412(d) (Dkt. #26), counsel is directed to do so now.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 22, 2021.